UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                     **MEMORANDUM OPINION
                                        AND ORDER**
                                       Criminal No. 10-187 (MJD)

Hawo Mohamed Hassan,

    Defendant.

_____

Jeffrey S. Paulsen, Assistant United States Attorney, counsel for Plaintiff.

Defendant appearing *pro se*.

_____

This matter is before the Court on Defendant's *pro se* motion to be placed in a Residential Reentry Center ("RRC") and/or home confinement for twelve months as authorized under the Second Chance Act, 18 U.S.C. § 3624(c).

## I.    Background

On October 20, 2011, Defendant was convicted by a jury of one count of conspiracy to provide material support to a foreign terrorist organization, and two counts of providing a false statement. On May 16, 2013, Defendant was

sentenced to a term of imprisonment of 120 months as to the conspiracy count, and 96 months on the false statement counts, to run concurrently. Her projected release date is January 28, 2022.

In her motion, Defendant requests that she spend six months in an RRC and six months in home confinement. She asserts that she has medical health issues, is seventy-three years old and has completed two thirds of her sentence. She further asserts she has a stable family and home to which she can serve home confinement.

## II. Second Chance Act

The Second Chance Act provides that the BOP shall, to the extent practicable, place a prisoner in an RRC or home confinement during the last months of her sentence, not to exceed 12 months, in order to afford the prisoner a reasonable opportunity to adjust to and prepare for the reentry into the community. 18 U.S.C. § 3624(c)(1) and (2). The BOP is given near-total discretion to "designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau …." 18 U.S.C. § 3621(b); *accord* 18 U.S.C. § 3624(c)(4) (noting that "[n]othing in this

subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.").

As indicated above, Defendant's projected release date is January 28, 2022. The record contains no information that the BOP has yet made any designation regarding the last year of Defendant's sentence. Defendant can request the BOP to grant her home confinement during the last year of her sentence, and if the BOP were to deny the request, she could, after exhausting her administrative remedies, file a § 2241 petition challenging the denial of her request.

The government asserts it has been made aware that Defendant has a "Request for a Reduction in Sentence" pending before the BOP. If such request is construed as a request for compassionate release, Defendant must exhaust her administrative remedies before seeking judicial relief, or she must show that she submitted a request for compassionate release and that 30 days have lapsed since the request was submitted. 18 U.S.C. § 3582(c)(1)(A). At this time, there is nothing in the record to show such a request was made.

Based on the current record, Defendant has not demonstrated that she is entitled to relief at this time.

IT IS HEREBY ORDERED that Defendant's Motion to Reduce Sentence [Doc. No. 306] is DENIED WITHOUT PREJUDICE.

Date: December 19, 2019

s/ Michael J. Davis
Michael J. Davis
United States District Court