UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Hawo Mohamed Hassan,

    Defendant.

AMENDED
MEMORANDUM OPINION
AND ORDER
Crim. No. 10-187 (02) (MJD)

_____

Jeffrey S. Paulsen, Assistant United States Attorney, Counsel for Plaintiff.

Kathy Manley, Counsel for Defendant.

_____

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 312.)

I.  **Background**

On October 20, 2011, a jury found Defendant guilty of Conspiracy to Provide Material Support to a Foreign Terrorist Organization and two counts of making a False Statement to the FBI.  On May 29, 2013, Defendant was sentenced to a term of imprisonment of one hundred-twenty (120) months on all counts to be served concurrently, followed by life time supervised release on Count 1 and three (3) years supervised release on Counts 14 and 15, to be served concurrently.

Defendant is scheduled to be released from custody of the Bureau of Prisons ("BOP") on November 19, 2021 and has been recommended for placement in an RRC on January 19, 2021.  (Doc. No. 313-4.)

Defendant now moves the Court for an Order granting her compassionate release.

## II. Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The United States Sentencing Guidelines define in pertinent part "extraordinary and compelling reasons" due to medical condition of the defendant as:

> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

There is no dispute that Defendant has exhausted her administrative remedies. Accordingly, the Court will proceed to the merits of Defendant's motion.

Defendant asserts that her age and medical conditions make her highly vulnerable to serious illness or death should she contract COVID-19. Defendant is 73 years old and suffers from the following chronic medical conditions: Hypertension, hyperlipidemia, osteoarthritis, PTSD,

thyroid disorder, and possibly pre-diabetes[1]. Defendant argues these medical conditions are recognized risk factors that increase her risk of life-threatening consequences if she is infected with COVID-19.

The Court has reviewed the recent medical records from the BOP and finds that Defendant's age and medical conditions do place her in a high risk category that warrants relief.

Further, the Court finds that early release from custody is supported by the factors set forth in 18 U.S.C. § 3553(a). Defendant has served nearly all of her sentence, and the BOP has recommended she be released to an RRC in January 2021. In addition, at 73 years old, Defendant is unlikely she will reoffend. See United States v. Tucker, 356 F. Supp.3d 808, 810 (S.D. Iowa 2019) (citing U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders at 22 (2017), https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders).

Accordingly,

IT IS HEREBY ORDERED:

---

[1] The government argues that Defendant's medical records do not support a finding that she has diabetes or pre-diabetes. (Gov't Ex. 3.)

1. Defendant's Motion for Compassionate Release (Doc No. 312) is **GRANTED;**

2. Defendant's Sentence is reduced to TIME SERVED;

3. All other terms and conditions of this Court's original sentence shall remain in full force and effect;

4. Defendant's release residence and release plan have been reviewed and approved by the U.S. Probation Office therefore this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure Defendant's safe release.  Defendant shall be released as soon as appropriate travel arrangements are made and it is safe for Defendant to travel.  There shall be no delay in ensuring travel arranges are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, then the parties shall immediately notify the Court and show cause why the stay should be extended; and

5. In addition to the conditions of supervised release previously imposed, the Court orders the following additional conditions:

    a. Defendant shall not possess or use a computer or have access to any on-line service without the prior approval of the U.S.

       Probation and Pretrial Services Office. Defendant's cooperation shall include but not be limited to allowing installation of a computer and Internet monitoring program and/or identifying computer systems, Internet-capable devices, and similar memory and electronic devices to which Defendant has access. Monitoring may include random examinations of computer systems along with Internet, electronic and media storage devices under Defendant's control. The computer system or devices may be removed for a more thorough examination, if necessary. Defendant shall contribute to the cost of such monitoring services, based on Defendant's ability to pay, as deemed appropriate by the U.S. Probation Office and Pretrial Services Office.

b. Defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

c. Defendant shall not possess, view, access or otherwise use material that reflects extremist or terroristic views or as deemed to be inappropriate by the U.S. Probation Office.

d. Defendant shall participate in a mental health counseling program as approved by the probation officer. This program may include psychological/psychiatric counseling or treatment, family counseling, and mentor support.

e. Defendant shall submit to periodic polygraph testing at the direction of the probation officer as a means to ensure compliance with the requirements of supervision.

Date:

                                                        _____
                                                        Michael J. Davis
                                                        United States District Court